## Anastasia M. Ahern, Administratrix, v. Chicago & Erie Railroad Company, et al.

### Gen. No. 12,167.

1. CONTRIBUTORY NEGLIGENCE—*when person seeking to board train guilty of.* One who seeks to board a train at a point where there is no station and at which he had no right to be, takes his chances of injury and cannot recover in the absence of wantonness, wilfulness or gross neglect.

2. TRESPASSERS AND LICENSEES—*when railroad company liable for injuries to.* The obligation of a railroad company to trespassers and mere licensees is the same, namely, not wantonly or wilfully to inflict injury and not to injure through gross negligence evidencing wilfulness.

Action on the case for death caused by alleged wrongful act. Error to the Superior Court of Cook County; the Hon. ROBERT W. WRIGHT, Judge, presiding. Heard in this court at the March term, 1905. Affirmed. Opinion filed December 14, 1905.

**Statement by the Court.** This is an action to recover damages for the death of Walter Ahern. At the close of the plaintiff's case the court gave the jury a peremptory instruction to find defendants in error not guilty. The present appeal was then perfected.

It was admitted that Ahern was killed February 17, 1900, under the viaduct on South Clark street, between 15th and 16th streets in Chicago; that the Chicago & Western Indiana Railroad Company then owned the tracks there situate; and that the Chicago & Erie Railroad Company then operated trains over said tracks.

The deceased, at the time of his death, was 34 years of age. He was in the employ of the Grand Trunk Railroad Company, and had been so employed for about 15 years. He was a freight handler and worked in a freight house situate at 14th street near State street. He left his work the day of the accident in time to take a 5:30 train for his

home in the southern part of the city. The tracks on each side of this viaduct curved so that the train engineer in approaching it could not see that the track was clear, and he therefore took a signal to go ahead from a switchman stationed near the viaduct. If the engineer got that signal while his train was in motion he did not stop. If the signal was delayed he brought his train to a standstill and awaited orders. The place in question was a network of tracks and was the private property of the roads. To get under the viaduct the deceased had to walk 300 to 400 feet over and along these tracks. Passing trains filled the space under the viaduct with smoke and steam. There was no station there. At each corner of the viaduct was a large sign warning persons that the place was dangerous. The Grand Trunk train which the deceased intended to board left the Polk street station and proceeded southwesterly until it reached and passed under this viaduct. It was running on the second track from the north side of the viaduct. As it neared the viaduct the deceased stepped on the first track from the north side of the viaduct and walked along the same until he was run over and killed by a freight train also coming from the north upon and along the first track. The Grand Trunk train preceded the freight train by about a car length. The night was dark, and the space under the viaduct was filled with smoke and steam so that the deceased did not see the freight train, nor did the servants in charge of that train see him until after he was killed.

Owing to the fact that the trains going southwesterly frequently stopped before they entered the viaduct to await the signal that the tracks were clear, a good many persons, among whom was the deceased, were in the habit of boarding the 5:30 Grand Trunk train at that point, but there is no evidence showing that they were invited or encouraged to do so by either of the defendants.

THOMAS E. ROONEY and D. J. McELHERNE, for plaintiff in error.

W. O. JOHNSON and GEORGE C. GALE, for defendants in error.

MR. JUSTICE BALL delivered the opinion of the court.

The deceased was a trespasser or a mere licensee at the time he was killed. Without invitation and despite the signs which warned the public that the place was dangerous, he entered upon the private property of the defendants and passed along and over their tracks until he stood under the viaduct, an unlighted spot, where there was no station, in order to take a train that might or might not come to a stop near the viaduct.

It is clear that the deceased was not intentionally or wantonly run down. The freight train was proceeding on its way in the customary manner and at a reasonable speed. The deceased was not seen by the servants who were operating that train until after he was killed.

The place where the deceased met his death was one of danger. For several years, from time to time, he had boarded the 5:30 train at this place. He knew its surroundings and its dangers. He was a railroad man of long service. Preferring not to go to a regular station, he took his chances under this viaduct and lost his life at a place where he had no right to be.

Whether the deceased was a trespasser or a mere licensee, the rule of law is the same. In each case the defendant is chargeable for wanton or wilful injury only, or for such gross negligence as evidences wilfulness. Ill. Cent. Ry. Co. v. O'Connor, 189 Ill., 564; Ill. Cent. Ry. Co. v. Eicher, 202 Ill., 560.

The judgment of the Superior Court is affirmed.

*Affirmed.*